### McCONNELL v MILLER

Ohio Appeals, 9th Dist, Wayne Co

No 948.  Decided June 9, 1936

**196**

Charles C. Jones, Wooster, and L. R. Critchfield, Wooster, for plaintiff.

Weygandt & Ross, Wooster, and Troutman & Taggart, Wooster, for defendant.

## OPINION

PER CURIAM

This cause is before this court upon appeal.

Icie McConnell filed suit in the Court of Common Pleas of Wayne County to set aside a deed executed and delivered by her mother, Melissa Spitler, to Mrs. McConnell's sister, Elgia Miller, which execution and delivery occurred 19 days before the death of Melissa Spitler. It is alleged in the petition of plaintiff that the execution and delivery of said deed was procured by fraud and undue influence, practiced upon the grantor by the grantee, that the grantor was mentally incompetent, and that the deed was given wholly without consideration.

To that petition defendant filed an answer in the nature of a general denial. There was no claim made and no evidence produced to show that the conveyance made constituted other than a gift.

It must be remembered that decedent was the owner at the time of its conveyance of the real estate conveyed by her, and that in the absence of ▮▮▮▮▮▮ ▮ mental incapacity, or of fraud or undue influence practiced upon her, she had a right to do with said real estate as she saw fit; to give it to either or both of her daughters, or to neither of them; it must be further considered that the motives which impelled her to make disposition of said property are of no consequence except as they may bear upon the question of mental capacity, or the susceptibility of said grantor to the exercise of undue influence, or the imposition of fraud.

Another thing to be recalled is, that the court, in arriving at its conclusion, cannot substitute its judgment as to ▮▮▮▮▮ ▮ what the decedent ought to have done, for the judgment of the decedent.

Fraud is charged, and that charge must be proved by clear and convincing evidence, if plaintiff is to prevail thereon. ▮▮▮▮▮▮ ▮ It is true, however, that evidence may be clear and convincing in a case where the grantor's mental capacity is impaired, or he is susceptible to the exercise of undue influence, which would not meet that standard in the absence of such conditions.

Undue influence is also charged, as is want of mental capacity, and in that connection it is stated:

"It is settled in Ohio * * * that written instruments, especially deeds executed in conformity with the provisions of the Deeds Act, shall not be rescinded or set aside except upon proper allegations which are supported by evidence of a clear and convincing character. * * * The rule has been applied in an action to have a conveyance set aside on the ground of undue influence, or want of capacity * * *."
17 O. Jur., "Evidence," §319, p. 409.

A careful reading of the transcript of the evidence, and consideration of the various claims urged, has impelled this court to the conclusion that the decedent, at the time of the execution and delivery of said deed, was not a person of weak understanding who was liable to imposition.

The general rule applicable to the rescission and cancellation of contracts and other instruments on the ground of undue influence, is as follows:

"The acts and contracts of persons of weak understanding, and who are thereby liable to imposition, will be held void in courts of equity, if the nature of the act or contract justify the conclusion either that the party, through undue influence, has not exercised a deliberate judgment, or has been imposed upon, circumvented, or overcome by cunning or artifice."
6 O. Jur., "Cancellation of Instruments," §12, p. 507.

We are unable to conclude that either fraud, mental incapacity or undue influence has been shown by the degree of proof required to warrant a court of equity in setting aside the deed under consideration; and assuming, without deciding, that plaintiff has the legal right to maintain this action, we order that the petition be dismissed at the costs of plaintiff, Icie McConnell, with exceptions to her.

FUNK, PJ, STEVENS and WASHBURN, JJ, concur in judgment.